## COMMON PLEAS AND PROBATE COURTS OF OHIO,

### ALSO OF THE

## SUPERIOR COURT OF CINCINNATI,

### SPECIAL AND GENERAL TERMS.

---

(Lorain County Court of Common Pleas.)

### THE STATE OF OHIO v. EDWARD E. KURRLEY.

---

A juror is not disqualified to sit in a case, because he has an opinion favorable to the credibility of a witness who is to testify in the case, whether the juror formed the opinion from his acquaintance with the witness before the trial, or from hearing him testify in another case.

A jury is not disqualified to try one criminal case in which the defendant is indicted for unlawfully selling intoxicating liquors, simply because two witnesses who are to testify to the unlawful sales, have testified to unlawful sales in a former case before the same jury which convicted another defendant charged with a similar offense, where the sales were made at different times and places, and where the transactions are entirely different.

(Decided December 9, 1895.)

---

Decision on motion to continue.

NYE, J.

In the case of The State of Ohio against Edward E. Kurrley, the defendant is charged with unlawfully selling intoxicating liquors within two miles of the place where an agricultural fair was being held.

The indictment is framed under section 6946, Revised Statutes, as amended in volume 88, page 603, of the Session Laws.

The statute, so far as it prohibits the offense charged in the indictment in this case, is as follows:

"Whoever sells intoxicating liquors * * * within two miles of the place where an agricultural fair is being held" shall be punished as is provided in said statute.

A motion is made to continue the case, and the grounds for the motion are set forth in an affidavit which in full are as follows:

"Edward E. Kurrley, being first duly sworn, says that he is the defendant in the foregoing case, in which he has been indicted for selling intoxicating liquors to one Charles W. Walters, while an agricultural fair was being held upon the 24th, 25th, 26th and 27th days of September, 1895; that at the same term the grand jury presented the indictment against him upon the testimony of said Charles W. Walters and Ernest A. Johnson, there was returned and presented against other persons to the number of fifteen, indictments, charging them severally with having sold intoxicating liquors to the said Charles W. Walters and Ernest A. Johnson upon the said days, and in violation of the same statute; that at the present term of this court, and before the regular petit jury impaneled for

the trial of cases, the cases of Ohio v. Endle, Ohio v. Yeckley and Ohio
v. Hunter was indicted as aforesaid, having been submitted to and tried
before said jury; that the testimony in each of the cases so submitted de-
pended wholly so far as related to any disputed fact involved therein, upon
the testimony of said Walters and one Ernest Johnson, and that said jury
and each member thereof have made up their minds in regard to the cred-
ibility of said witnesses, and therefore have a bias and prejudice against de-
fendant in this case in behalf of the state which so far as it relates to any
disputed fact therein, depends wholly upon the testimony of said Walters
and said Johnson, and that on account of said bias and prejudice he can-
not have a fair and impartial trial before a fair and impartial jury if his
case is to be submitted to the same jury as tried the cases mentioned.

"He therefore prays the court to grant the motion in this case and
continue the same to the next term of this court, or to summon a new
jury to try the same."

This affidavit is duly verified. The main facts of this affidavit are
that the state's case depends upon the testimony of Walters and Johnson;
that the jury have made up their minds in regard to the credibility of
said witnesses, and therefore that said jury have a bias and prejudice
against the defendant in this case; and that on account of said bias and
prejudice he cannot have a fair and impartial trial before a fair and im-
partial jury.

It is claimed by the defendant's counsel that the facts set up in said
affidavit, state a legal reason why the case should be continued, or a new
jury granted, and I must pass upon this as a legal proposition.

I will endeavor to give the matter the attention which the case, and
the graivty of the situation deserves, and try to give the reasons for my
decision. The questions here involved are far reaching.

There are several other cases pending, which depend upon the decision
in this case—in fact they are submitted with this case.

It will be observed at the outset that there is not an allegation in the
affidavit, from its beginning to its end, that the witnesses, Walters and
Johnson, or either of them, are not worthy of belief, nor that they ought
not to be believed.

There is not an allegation in the affidavit that either of the witnes-
ses have testified to an untruth, or would do so in this case.

There is not an allegation in the affidavit that the defendant has got
a meritorious defense, nor that he has got any defense at all.

The jury are said to be biased and prejudiced against the defendant,
because it is said in the affidavit they have heard the testimony of said
witnesses, and found a verdict in three other cases. But the affidavit is
silent as to how those cases were decided, whether for or against the state.
And this court or a reviewing court, would have to go out side of this af-
fidavit to determine whether the defendants in those three cases were con-
victed or acquitted.

There is not an allegation in the affidavit as to whether the jury be-
lieved said witnesses or disbelieved them.

There is not an allegation in the affidavit, nor an intimation in it, as
to whether the opinions of the jurors are that the witnesses are worthy of
belief or not worthy of belief.

The only allegation in the affidavit from the beginning to its end,
from which it could be ascertained or inferred which way the jury were
biased if either, is the following, to-wit: "That said jurors and each mem-
ber thereof have made up their minds in regard to the credibility of said
witnesses, and therefore have a bias and prejudice against defendant in
this case."

Upon this affidavit and the facts therein stated, I am asked to continue this case or grant to the defendant another jury.

I am clearly of the opinion that the allegations stated in said affidavit, if construed in the most favorable light towards the defendant, would not entitle him either to a continuance of the case or a new jury.

I will now proceed to consider the legal aspect of the proposition that is contended for by attorneys for the defendant, and the questions that might be raised if a proper affidavit was filed in the case. I will shirk no responsibility or duty which is, or which is supposed to be thrown upon me by the affidavit which is on file in this case, or by argument of counsel on its hearing.

I will now endeavor as nearly as I can, to state the real claims of the defendant, and the grounds of his claims, although they are not stated in the affidavit or motion.   They are as follows:

First—That the grand jury at the present term of this court found indictments against fifteen men for the crime of selling intoxicating liquors within two miles of the place where the Lorain county agricultural fair was being held.

Second—That three of said cases have been tried to the present petit jury, and that jury has found the defendant in each of said cases guilty of the crime charged against him.

Third—That two witnesses who testified to the sales made in the cases thus tried, are expected to testify to the fact of sales being made by the defendant in the present case.

Fourth—That the jurors have formed an opinion favorable to the credibility of said witnesses.

For these reasons it is claimed that the jurors have a bias and prejudice against the defendant in this case, and therefore would not give him a fair and impartial trial.

I think this statement of the propositions claimed by the defendant, is a fair statement of his claim, and fully as strong as his attorneys could or would state it.   It is not claimed that the facts in this case are like the facts in the other cases. But the sale is claimed to have been made at a different time, a different place, and under entirely different circumstances.

The vital legal question attempted to be raised here, is that a juror who has formed an opinion as to the credibility of a witness, has such a bias against the other side that he cannot give the other side a fair and impartial trial, and is therefore disqualified to sit as a juror.

It has been the universal practice in this county since I have been a member of the bar of said county, for the past twenty-three years, where several saloon keepers were indicted for unlawfully selling intoxicating liquors to one person, to try all of said cases to the same jury.   The proposition that the jury was disqualified to try the cases because the person buying the liquors had testified before that same jury in another similar case, has never been questioned.   The right to try more than one case to the same jury has never before been raised.

But this question is now raised or supposed to be raised, and it devolves upon me to solve it, as best I am, unaided by any precedent, unguided by any lamp, except the light of reason.

Guided by that light, and by broad philosophical principles of the law of evidence, with a view to do the right thing, I do not feel that I have to grope in the dark.

I propose to proceed somewhat by illustrations.

Suppose two good reliable farmers had come in from the country on each day of the fair to attend that exhibition.   They arrived in town at

noon of the first day, and being desirous of a drink, enter a saloon and buy a drink of whisky, and proceed to the fair. In the afternoon they start for home, and on their way through town they stop at another saloon and buy a drink of whisky, and go home.

They repeat this on each of the several days of the fair, going into a different saloon each time, but without any desire or intention of making the saloon keeper any trouble. An officer sees them come out of a saloon on one of these days, reports the fact to the prosecuting attorney, and these men are subpoenaed before the grand jury and asked all about their transactions. They being men of unquestioned veracity, tell all they know about it, and A, B, C, D, and E, saloon keepers, are indicted.

On the trial of A these men tell their stories, and he is convicted. B's case is then called, and the point is raised that the jurors have made up their minds as to the credibility of the farmer witnesses. The jurors are inquired of, as to whether they have made up their minds as to the credibility of these farmer witnesses, and each juror answers that he believes, under ordinary circumstances, said witnesses would tell the truth. Hence it is claimed that the jurors are disqualified.

Suppose these same questions had been asked of the jurors before they had tried the first case, and every juror had answered that they knew the two farmer witnesses, and that they had an opinion as to their credibility, and that under ordinary circumstances they would believe them under oath.

If the jurors were disqualified to try the second case, they were equally disqualified to try the first case, and you must either have a jury that does not know the witnesses, or a jury that would not believe them, and the latter might disqualify the jury.

The mere statement of such a proposition is its own best refutation.

In other words, if the jury have an opinion as to the credibility of the principal witnesses in the case, they are disqualified to sit in the case.

I will now turn from a consideration of the class of cases charging a violation of the liquor law, to consider the principle involved in this case with reference to other cases.

Suppose one man is arrested, and indicted for breaking into a railroad car in this city, and that another person is indicted for breaking into a store in another part of town six months afterwards.

The first one is put on trial, and a policeman testifies that he saw the man go into the car and arrested him in the very act, and is the principal witness to the transaction. The jury convict the defendant of the burglary charged.

The next case is called, and it has been learned that the same policeman is the principal witness for the state in that case. The defendant, therefore sets up all these facts, and moves a continuance, or demands a new jury, on the ground that the jury have made up their minds as to the credibility of the policeman.

If the doctrine contended for in this case can be maintained, the second defendant should not be tried for burglary to the same jury because the same policeman is the principal witness in that case, and a new jury should be summoned to try each case in which that policeman is to be the main or principal witness.

In other words, you must either change jurors, or change witnesses.

But it is claimed that the witnesses in this case are from Chicago, Ill., a distant city. And it may be claimed that the illustrations which I have given are all of cases where the witnesses live in the county and may be known.

Lest I may be charged with using illustrations that are inapplicable

on account of the fact that the witnesses are not residents of the state, I will make one more illustration.

Suppose that five different persons should at different times, within the space of one year or more, come from Buffalo, New York, into Lorain county to buy property. No two come at the same time, and no two of them are related or connected in any manner whatever. Each one goes into a different township in the county. One buys horses, one buys cattle, one buys sheep, one buys butter and cheese, and one buys a farm. Each gets his poperty under false pretense as to his financial responsibility, and gives his note for it. But each transaction is separate and distinct from the other. Each person is indicted for the crime of procuring property by false pretenses, and brought here for trial.

The state sends to Buffalo, and finds six good, substantial business men of that city, who know all of these defendants, and who know that they were utterly irresponsible and insolvent at the time each bought the property.

These six men also know that each one of these defendants' reputation for truth in their neighborhood is bad.

In the interest of justice these six men are willing to leave their own state and come to Elyria to testify in the cases. The first case is put on trial, and these six men are the only witnesses who testify to the material facts of the insolvency of the defendant and or his reputation for truth. He is convicted. Is it possible that the law is such that if these men testify in the other cases the same jury cannot try them? Must you have five juries to try five cases, or have a different set of witnesses to prove the material facts of insolvency, etc.?

The cases are not alike, the facts are different, and the only things that are alike are the questions of law to be applied.

But it may be said that after the six witnesses from Buffalo have testified a few times, the jury will have formed an opinion as to their credibility. Could it make any difference in the legal proposition which is under consideration, whether the jurors formed their opinions of the credibility of the witnesses from hearing them testify, or whether they had that opinion before they testified, as seen in a former illustration? I think not.

But the legal principle contended for here, if correct would not stop with criminal cases. If it is the law in criminal cases, it must be alike applicable to civil cases.

If a jury had tried one civil case where several persons were the principal witnesses for one of the parties, and another case came up for trial to the same jury, involving entirely different facts, where the same witnesses were to testify on one side, the fact that the jury had once heard them and believed their story, would disqualify said jury from trying the case.

I am clearly of the opinion that such is not the condition of our law.

If I should grant this defendant a new jury, and he should be convicted, the next defendant in this series of cases, would demand a new jury, on the same grounds that this one claims it, and thus it would take twelve juries to try the other twelve liquor cases named in the affidavit.

This would introduce into our practice a new ground of challenge for a jury, not provided for by the statute, and not contemplated by the legislature.

If any juror in the present panel knows any fact about this case that would disqualify him from sitting in the case, or if he has formed any opinion as to the guilt or innocence of this defendant, I would be only too glad to excuse such juror.

It is my wish to give every person, tried before me, a fair and impar-

tial jury; but until it appears from an examination of the jury that they are disqualified, I cannot at the mere wish of parties excuse them.

I am, therefore, forced to the conclusion, that there are no facts set forth in the affidavit to entitle the defendant to a continuance in this case.

I am also of the opinion that the questions of law contended for in this case is not sound in principle, and that it neither entitles the defendant to a continuance nor a new jury.

The motion in this case and in the eight other cases submitted with it must therefore be overruled.

I have been advised in advance if my decision is adverse to the defendants on these motions, that affidavits of prejudice will be filed under section 550 of the Revised Statutes.

However much I may deplore that kind of practice, I cannot allow it to influence my decision or bias my judgment.

F. F. Thomas, Prosecuting Attorney, and A. R. Webber, for state

E. G. Johnson and Q. A. Gillmore, for defendant.